UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

TERRELL THOMAS

                              Plaintiff,

      v.

41 GREENE STREET OWNER LLC AND STONE
ISLAND USA, INC.,

                              Defendants.

------------------------------------------------------------------x

CV

COMPLAINT

JURY TRIAL REQUESTED

## COMPLAINT

Plaintiff Terrell Thomas (hereafter referred to as "Plaintiff"), by counsel, Hanski Partners LLC, as and for the Complaint in this action against Defendants 41 Greene Street Owner LLC and Stone Island USA, Inc. (together referred to as "Defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1.     This lawsuit opposes pervasive, ongoing, and inexcusable disability discrimination by the Defendants. In this action, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages and attorney's fees, costs, and expenses to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations, the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law"), the New York State Civil Rights Law, § 40 *et. seq.*, and the New York City Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York ("Administrative Code"). As explained more fully below, Defendants own, lease, lease to, operate, and control a place of public accommodation through which they violate the

above-mentioned laws.  Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

2.      Defendants chose to ignore the explicit legal requirements which required them to make their place of public accommodation accessible to persons with disabilities. In so doing, Defendants acted to exclude persons with disabilities from their place of public accommodation.

3.      By this action Plaintiff seeks to right Defendants wrongful acts so that Plaintiff can finally enjoy the full and equal opportunity that Defendants provide to non-disabled customers.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.  The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' place of public accommodation that is the subject of this action is located in this district.

## PARTIES

6.      At all times relevant to this action, Plaintiff Terrell Thomas has been and remains currently a resident of the State and City of New York.

7.      At all times relevant to this action, Plaintiff Terrell Thomas has been and remains a wheelchair user.  Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

8.      At all relevant times, defendants 41 Greene Street Owner LLC and Stone Island USA, Inc. own, lease, lease to, control, and operate a place of public accommodation at 41 Greene Street in New York County, New York which does business as a retail clothing store known as "Stone Island".

9.      Defendant 41 Greene Street Owner LLC owns the property located at 41 Greene Street in New York County, New York (hereinafter referred to as "41 Greene Street").

10.      Defendant Stone Island USA, Inc. operates and/or leases property located at 41 Greene Street from the defendant 41 Greene Street Owner LLC (hereinafter referred to as the "Stone Island premises").

11.      Upon information and belief, 41 Greene Street Owner LLC and Stone Island USA, Inc. have a written lease agreement.

12.      Each defendant is licensed to and does business in New York State.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13.      Each of the Defendants is a public accommodation as they own, lease, lease to, control or operate a place of public accommodation, the Stone Island premises located at 41 Greene Street, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102).

14.     The Stone Island premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code (§ 8-102) as it is a facility operated by a private entity and its operations affect commerce.

15.     Numerous architectural barriers exist at the Stone Island premises that prevent and/or restrict access to Plaintiff, a person with a disability, which include, but are not limited to, architectural barriers at the paths of travel.

16.     Upon information and belief, at some time after January 1992, alterations were made to 41 Greene Street, including areas adjacent and/or attached to 41 Greene Street.

17.     Upon information and belief, at some time after January 1992, alterations were made to the Stone Island premises, and to areas of 41 Greene Street related to the Stone Island premises.

18.     41 Greene Street is located in the neighborhood commonly known as SoHo in New York County, New York.

19.     The SoHo neighborhood is known for its multitude of shops, ranging from trendy upscale boutiques to national and international chain store outlets, and for its numerous cafes and restaurants.

20.     The SoHo neighborhood is also served by multiple subway lines, including the 8th Avenue, 7th Avenue line, 6th Avenue, Broadway and Lexington Avenue lines.

21.     The 41 Greene Street building in which the Stone Island premises is situated, is approximately five minutes rolling time from three wheelchair accessible subway stations.

22.     Plaintiff travels to the SoHo Neighborhood in which the Stone Island premises is located to shop, people watch, and enjoy the area.

23.     The services, features, elements and spaces of the Stone Island premises are not readily accessible to, or usable by Plaintiff as required by the 1991 ADA Standards for Accessible Design codified in 28 C.F.R. Part 36, Appendix D (hereinafter referred to as the "1991 Standards" or the "1991 ADA") or in the 2010 ADA Standards for Accessible Design codified in 36 CFR part 1191 Appendices B and D and 28 CFR part 36 subpart D  (hereinafter referred to as the "2010 Standards" or the "2010 ADA")

24.     Because of Defendants' failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and complete access to all of the areas of the Stone Island premises that are open and available to the public.

25.     Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, the 1968 New York City Building Code, Administrative Code, Title 27 ("1968 BC"), including the 1968 BC Reference Standard ANSI 117.1-1986 ("1968 Ref Std"), the 2008 New York City Building Code ("2008 BC") including the 2008 BC Reference Standard ICC/ANSI 117.1 2003 ("2008 Ref Std") and the 2014 New York City Building Code

("2014 BC") including the 2014 BC Reference Standard ICC/ANSI 117.1 2009 ("2014 Ref Std").

26.     Barriers to access that Plaintiff encountered and/or which deter Plaintiff from patronizing the Stone Island premises as well as architectural barriers that exist include, but are not limited to, the following:

I.      An accessible route is not provided from the public street and sidewalk to the public entrance to the Stone Island premises.
*Defendants fail to provide that at least one accessible route shall be provided within the site from public streets and sidewalks to the accessible building or facility entrance they serve. See 1991 ADA § 4.1.2(1); 2010 ADA § 206.2.1; 1968 BC§ 27-292.5(b); 2008 BC § 1104.1; and 2014 BC § 1104.1.*

II.     The public entrance to the Stone Island premises is not accessible.
*Defendants fail to provide that at least 50% of the public entrances are accessible. See 1991 ADA § 4.1.3(8)(a)(i).*
*Defendants fail to provide that at least 60% of the public entrances are accessible. See 2010 ADA § 206.4.1.*
*Defendants fail to provide that primary entrances are accessible. See 1968 BC § 27-292.5(a).*
*Defendants fail to provide that public entrances are accessible. See 2008 BC § 1105.1; and 2014 BC § 1105.1.*

III.    No signage identifies an accessible public entrance to the Stone Island premises (to the extent Defendants claim they provide an accessible public entrance).
*Defendants fail to display signage (marked with the International Symbol of Accessibility or otherwise) that identifies an accessible entrance. See 1991 ADA §§ 4.1.2(7)(c); 4.1.3(8)(d); and 4.1.6(1)(h); 2010 ADA § 216.6; 1968 BC § 27- 292.18; 2008 BC § 1110; and 2014 BC §§ 1101.3.4; and 1110.*

IV.     There is no directional signage at the inaccessible public entrance to Stone Island premises that indicates the location of an accessible public entrance (to the extent Defendants claim they provide an accessible public entrance).
*Defendants do not provide and display signage at the inaccessible public entrance (marked with the International Symbol of Accessibility or otherwise) that indicates the location of an accessible entrance. See 1991 ADA §§ 4.1.6(1)(h) and 4.1.3(8)(d); and 2010 ADA Standards § 216.6.*
*Defendants fail to provide directional signage at necessary locations. See 1968 BC § 27-292.18(b).*

*Defendants fail to provide directional signage by the inaccessible entrance indicating the route to the nearest accessible entrance. See 2008 BC § 1110.2; and 2014 BC §§ 1101.3.3; and 1110.2.*

V.   There are steps at the exterior side of the public entrance door to the Stone Island premises which has a change in level greater than ½ inch high.
*Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be overcome with a ramp, elevator, or platform lift. See 1991 ADA § 4.3.8; and 1968 Ref Std § 4.3.8.*
*Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be ramped. See 2010 ADA § 303.4; 2008 Ref Std § 303.3; and 2014 Ref Std § 303.4.*

VI.   The public entrance to the Stone Island premises has stairs to its public entrance lacking handrail extensions.
*Defendants fail to provide handrails at the top and bottom of stairs that extend beyond and in the same direction of stair flights.  See 1991 ADA § 4.9.4(2); 2010 ADA § 505.10; 1968 Ref Std § 4.9.4(2); 2008 Ref. Std § 505.10; and 2014 Ref. Std § 505.10.*

VII.   The public entrance doors to the Stone Island premises lack level maneuvering clearances at the push side of the door.
*Defendants fail to provide an accessible door with level maneuvering clearances.  See 1991 ADA § 4.13.6; 2010 ADA § 404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref. Std § 404.2.3; and 2014 Ref Std § 404.2.3.*

VIII.   Maneuvering clearances for pushing open the public entrance doors to the Stone Island premises is not provided due to steps.
*Defendants fail to provide minimum maneuvering clearances of 48 inches perpendicular to the door for a forward approach to the push side of a door. See 1991 ADA § 4.13.6; 2010 ADA § 404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref Std § 404.2.3; and 2014 Ref Std § 404.2.3.*

IX.   The public entrance doors to the Stone Island premises are very heavy and difficult to open.
*Defendants fail to provide a door that requires less than eight-and-one-half pounds of force to open.  1968 Ref Std § 4.13.11.*

X.   The northernmost entrance to 41 Greene Street is not an accessible public entrance (to the extent Defendants claim that the northernmost entrance is the accessible public entrance to the Stone Island premises.)
*Defendants fail to provide an accessible public entrance as the northernmost entrance is a restricted entrance, not a public entrance.  See 2010 ADA § 106.5.*

XI.   The restricted entrance to the elevator is locked and does not permit unassisted entry and exit from the elevator (to the extent Defendants claim they provide an accessible route to the Stone Island premises via the adjacent elevator).

*Defendants fail to provide a continuous unobstructed path connecting all accessible elements and spaces of a building or facility. See 1991 ADA § 3.5.*

*Defendants fail to provide at least one accessible route connecting accessible buildings, accessible facilities, accessible elements, and accessible spaces that are on the same site. See 2010 ADA § 206.2; 2008 BC § 1104; and 2014 BC § 1104.*

*Defendants fail to provide that the path of travel in exterior and interior accessible routes are unobstructed. See 1968 BC § 27.292.5(d)*

*Defendants fail to maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. See 28 CFR § 36.211.*

*Defendants fail to provide a continuous, unobstructed way of pedestrian passage by means of which the altered area may be approached, entered, and exited, and which connects the altered area with an exterior approach (including sidewalks, streets, and parking areas), an entrance to the facility, and other parts of the facility. See 28 CFR § 36.403(e).*

XII.   There is no accessible route to all the public sales areas of the Stone Island premises.

*Defendant fails to provide that there is one accessible route connecting all the public accommodations within the site. See 1991 ADA §§ 4.1.2(2); 4.1.3(1); and 4.3.2; 2010 ADA §§ 206.2.2 and 206.2.4; 1968 BC § 27-292.5; 1968 Ref Std § 4.3.2; 2008 BC § 1104.2; and the 2014 BC § 1104.2.*

XIII.  There are steps to access various portions of the public sales floor that are greater than ½-inch in height.

*Defendant fails to provide that changes in level at accessible routes greater than 1/2-inch-high shall be overcome with a ramp, elevator, or platform lift. See 1991 ADA § 4.3.8; and 1968 Ref Std § 4.3.8.*

*Defendant fails to provide that changes in level at accessible routes greater than 1/2-inch-high shall be ramped. See 2010 ADA § 303.4; 2008 Ref Std § 303.3; and 2014 Ref Std § 303.4.*

XIV.   The entrances, which are also exits, are not accessible.

*Defendants fail to provide accessible means of egress in the number required by the code. See 1991 ADA § 4.1.3(9); 2010 ADA § 207.1; 1968 BC §§ 27-292.1 and 27-357(d); 2008 BC § 1007.1; and 2014 BC § 1007.1.*

27.    Plaintiff either personally encountered or has knowledge of such barriers to access.

28.    Upon information and belief, a full inspection of the Stone Island premises will reveal the existence of other barriers to access.

29.     As required by the ADA (remedial civil rights legislation) to properly remedy Defendants' discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the Stone Island premises in order to catalogue and cure all of the areas of non-compliance with the ADA.  Notice is therefore given that Plaintiff intends on amending the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

30.     Defendants have denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

31.     Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws. Nor have Defendants made or provided accommodations or modifications to persons with disabilities.

32.     Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendants' non-compliance with the laws prohibiting disability discrimination. The barriers to access within the Stone Island premises continue to exist and deter Plaintiff.

33.     Within the twelve months before the filing of Plaintiff's Complaint, Defendants denied Plaintiff equal access to the Stone Island premises.

34.     As of the date of this Complaint, Defendants continue to deny Plaintiff equal access to the Stone Island premises

35.     Plaintiff desires equal access to the Stone Island premises.

36.     Plaintiff is in the Soho neighborhood wherein the Stone Island premises is situated approximately six times a year.

37.     Plaintiff visits the Soho Neighborhood in which the Stone Island premises is located to shop, people watch, and enjoy the area.

38.     Plaintiff enjoys clothing and fashion generally, with streetwear among the clothing styles Plaintiff enjoys. Plaintiff also enjoys discovering new styles, designers and menswear brands.

39.     Plaintiff likes Stone Island's clothing.

40.     On or about December 2023, Plaintiff desired to peruse and shop at the Stone Island premises.

41.     Plaintiff, however, was denied entry into the Stone Island premises due to steps at the entrance.



The Stepped Entrance to the Stone Island premises

42.     Because of the open and obvious architectural barrier (i.e., the entrance steps), Plaintiff did not engage in the futile gesture of trying to overcome the steps to the Stone Island premises.

43.     Steps are likely the most obvious architectural barrier to wheelchair access. Not only do Defendants bar Plaintiff from entering the Stone Island premises by maintaining steps at the entrance, through their architecture they also convey to Plaintiff that due to his disability, his patronage is undesirable.  After all, an entrance with a step is no different than a sign informing Plaintiff and other wheelchair users to "keep out." *See* 134 Cong. Rec. S10,454, 10,491 (1988) (statement of Sen. Simon) (noting that the architectural barriers are like "Keep Out" signs to the disabled).

44.     Plaintiff also observed a door adjacent to the Stone Island premises which was part of 41 Greene Street and which appeared to contain an active elevator; however the adjacent door was locked.

45.     As Plaintiff likes Stone Island's clothing, he continues to desire to visit the Stone Island premises.

46.     Plaintiff would like to access the Stone Island premises but is unable to do so because of the architectural barriers.

47.     However, Plaintiff is deterred from visiting the Stone Island premises because of the barriers to access that exist at the Stone Island premises; for example, the steps at the entrance and other barriers to wheelchair access detailed herein.

48.     Plaintiff intends to visit the Stone Island premises during one or more of the times he is in its Soho neighborhood after it is made wheelchair accessible as required by the applicable provisions of the 1991 Standards or the 2010 Standards, and the Administrative Code.

49.     Plaintiff continues to suffer an injury due to Defendants' maintenance of architectural barriers at the Stone Island premises.

50.     This is because Plaintiff desires to visit the Stone Island premises but, based on disability, Defendants deny him the opportunity because they maintain architectural barriers at the Stone Island premises.

51.     Defendants discriminate against Plaintiff in violation of the ADA, the NYSHRL and the NYCHRL as they created, maintain and have failed to remove architectural barriers to wheelchair access at the Stone Island premises.

### FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

52.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

53.     Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA.  As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

54.     The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation.  28 C.F.R. 36.201(b).

55.     Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement).  28 C.F.R. 36.201(b).

56.     Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is disabled.  Defendants' policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

57.     By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

58.     Defendants have discriminated against the Plaintiff by designing and performing alterations to their commercial building, facility, and place of public accommodation, in a manner that is not readily accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards.  See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

59.     The Stone Island premises are not fully accessible to Plaintiff as an individual with a disability, and it fails to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

60.     When Defendants performed alterations they failed to make their alterations accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

61.     The paths of travel to the altered areas of primary function were not made accessible in violation of 28 C.F.R. § 36.403.

62.     Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.  It would be readily achievable to make Defendants' place of public accommodation fully accessible.

63.     By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability in

violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a),

(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

64.     In the alternative, Defendants have violated the ADA by failing to provide

Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. §

36.305.

65.     Defendants' failure to remove the barriers to access constitutes a pattern

and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28

C.F.R § 36.101 *et. seq.*

66.     Defendants have and continue to discriminate against Plaintiff in violation

of the ADA by maintaining and/or creating an inaccessible public accommodation.

### <u>SECOND CAUSE OF ACTION</u>
### (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)

67.     Plaintiff realleges and incorporates by reference all allegations set forth in

this Complaint as if fully set forth herein.

68.     Plaintiff suffers from various medical conditions that separately and

together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life

activities of both walking and body motion range.  Plaintiff therefore suffers from a

disability within the meaning of the Executive Law § 292(21).

69.     In 2019, the New York State legislature enacted legislation that provides

effective immediately that the New York State Human Rights Law shall be "construed

liberally for the accomplishment of the remedial purposes thereof, regardless of whether

federal civil rights laws, including those laws with provisions worded comparably to the

provisions of this article, have been so construed". See Executive Law § 300 [effective

date: August 12, 2019].

70.     By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

71.     Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is disabled.

72.     Defendants discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation.  Each of the Defendants have aided and abetted others in committing disability discrimination.

73.     Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

74.     In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(v)).

75.     It would be readily achievable to make Defendants' place of public accommodation fully accessible.

76.     It would not impose an undue hardship or undue burden on Defendants to make their place of public accommodation fully accessible.

77.     As a direct and proximate result of Defendants' unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

78.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

<u>**THIRD CAUSE OF ACTION**</u>
**(VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)**

79.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

80.     Plaintiff suffers from various medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range -and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102).

81.     The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the NYCHRL.  The Restoration Act confirmed the legislative intent to abolish "parallelism" between the NYCHRL and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 of the NYCHRL (emphasis added). The Restoration Act is to be construed broadly in favor of Plaintiff to the fullest extent possible.  See also New York City Local Law 35 of 2016.

82.     Defendants have and continue to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).  Each of the Defendants have aided and abetted others in committing disability discrimination.

83.     Defendants have and continue to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

84.     Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating and/or maintaining an inaccessible commercial facility/space.

85.     Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

86.     Defendants' policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107 (4)).

87.     Defendants' failure to provide reasonable accommodations for persons with disabilities, inclusive of Defendants' failure to remove the barriers to access identified herein, and their consequent denial of equal opportunity to Plaintiff, constitutes

an ongoing continuous pattern and practice of disability discrimination in violation of
NYCHRL (Administrative Code §§ 8-107(4) and 8-107(15)).

88.     In violation of the NYCHRL (Administrative Code § 8-107(6)),
Defendants have and continue to, aid and abet, incite, compel, or coerce each other in
each of the other Defendants' attempts to, and in their acts of directly and indirectly
refusing, withholding, and denying the accommodations, advantages, facilities, and
privileges of their commercial facility/space and the place of public accommodation
therein, all because of disability, as well as other acts in violation of the NYCHRL.

89.     Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on
the property owner to repave, reconstruct, repair, and maintain its abutting public
sidewalk.  As a result, 41 Greene Street Owner LLC continuously controlled, managed,
and operated the public sidewalk abutting 41 Greene Street, which includes the portion of
the sidewalk constituting the entrance to Defendants' place of public accommodation.

90.     41 Greene Street Owner LLC's failure to construct and maintain an
accessible entrance from the public sidewalk to Defendants' place of public
accommodation constitutes disability discrimination in a violation of the Administrative
Code.

91.     Defendants discriminated against Plaintiff in violation of the NYCHRL
(Administrative Code, § 8-107(4)) by maintaining and/or creating an inaccessible public
accommodation.

92.     Defendants' conduct also violates the NYCHRL, Administrative Code 8-
107 (17), which states that "an unlawful discriminatory practice . . . is established . . .
[when plaintiff] demonstrates that a policy or practice of a covered entity or a group of

policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

93.     Because Defendants' public accommodation is not readily accessible and usable by people with disabilities, Defendants have demonstrated a policy or practice that has a disproportionately negative impact on the disabled (including plaintiff).

94.     Defendants' conduct constitutes an ongoing and continuous violation of the NYCHRL. Unless Defendants are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law. In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendants' public accommodation.

95.     As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

96.     Upon information and belief, Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

97.     By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

98.     Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so

reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

99.     By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space.  Defendants' unlawful profits plus interest must be disgorged.

100.    Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)**

101.    Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

102.    Defendants discriminated against Plaintiff pursuant to New York State Executive Law.

103.    Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

104.    Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

**INJUNCTIVE RELIEF**

105.    Plaintiff will continue to experience unlawful discrimination as a result of Defendants' failure to comply with the above-mentioned laws.  Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

106.    Injunctive relief is also necessary to make Defendants' facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

107.    Injunctive relief is further necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, jointly and severally, in favor of Plaintiff that contains the following relief:

A.  Enter declaratory judgment declaring that Defendants have violated the ADA and its implementing regulations, the NYSHRL, and the NYCHRL and declaring the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices, and procedures;

B.  Issue a permanent injunction ordering **Defendants to close and cease all business** until Defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, the NYSHRL, and the NYCHRL, including but not limited to the violations set forth above;

C.  Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.  Award Plaintiff compensatory damages as a result of Defendants' violations of the NYSHRL and the NYCHRL;

E.   Award Plaintiff punitive damages in order to punish and deter the

Defendants for their violations of the NYCHRL;

F.   Award Plaintiff the monetary penalties for each and every violation of the

law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G.   Find that Plaintiff is a prevailing party and award reasonable attorney's

fees, costs, and expenses pursuant to the NYSHRL and the NYCHRL;

H.   Find that Plaintiff is a prevailing party and award reasonable attorney's

fees, costs, and expenses pursuant to the ADA; and

I.   For such other and further relief, at law or in equity, to which Plaintiff

may be justly entitled.

Dated: July 5, 2024
        New York, New York

                                         Respectfully submitted,

                                         **HANSKI PARTNERS LLC**

                                         By:____/s_____
                                              Robert G. Hanski, Esq.
                                              Attorneys for Plaintiff
                                              85 Delancey Street
                                              New York, New York 10002
                                              Telephone: (212) 248-7400
                                              Facsimile: (212) 248-5600
                                              Email: rgh@disabilityrightsny.com